UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAITLYN GALLANT,

    Plaintiff,

v.	CASE NO.: 8:25-cv-02706

UNIQUE HEALTHCARE SYSTEMS, LLC
d/b/a AFC URGENT CARE

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAITLYN GALLANT, (hereinafter "Plaintiff" or "Ms. Gallant"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, UNIQUE HEALTHCARE SYSTEMS, LLC, d/b/a AFC URGENT CARE (hereinafter "AFC Urgent Care"), and alleges:

## JURISDICTION AND VENUE

1.    This is a civil action under federal law by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA").

2.    This Court has jurisdiction over Plaintiff's ADA and Title VII claims under 28 U.S.C §§ 1331 and 1334.

3. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

5. Plaintiff, KAITLYN GALLANT, is a female who resides in Pinellas County, Florida, located in the Middle District of Florida.

6. Defendant, UNIQUE HEALTHCARE SYSTEMS, LLC, d/b/a AFC URGENT CARE, is a Florida Limited Liability Company, principally located at 3030 N. Rocky Point Drive W, Suite 262, Tampa, Florida 33607.

7. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

8. Kaitlyn Gallant is a White female who suffers from Multiple Sclerosis (M.S.). This condition can make it impossible for Ms. Gallant to walk on occasion when her symptoms flare up.

9. On August 5, 2024, AFC Urgent Care hired Ms. Gallant as a Receptionist through a staffing agency named Integrity Employee Leasing, Inc. Nevertheless, Kemesha Scott (Manager of that AFC Urgent Care location – Black female) hired Ms. Gallant for her position.

10. During Ms. Gallant's first week on the job, she worked with Jessica Barnes (Black female), Dianna LNU (Asian female), and Stacey LNU (Black female). These three women taught Ms. Gallant how to do her job.

11. After this week of training, Ms. Gallant was proficient in her position and had no performance issues.

12. While she worked as a Receptionist, Ms. Gallant was frequently scheduled by AFC Urgent Care to work from 7:45 a.m. to 8:00 p.m. on Tuesdays, Thursdays, and Sundays, with a half-hour lunch break.

13. Occasionally, Ms. Gallant would be scheduled for Saturday instead of Sunday, or a third day during the week.

14. On four occasions when AFC Urgent Care did not schedule her to work, Ms. Scott called Ms. Gallant and asked if she could fill in for Jessica Barnes or Stacey because they had called out sick for themselves or a child. This was a common occurrence and can be confirmed by reviewing the work schedules in comparison to the days actually worked by each employee.

15. Ms. Scott never reprimanded Ms. Barnes or Stacey for calling out because they were Black females and did not have Multiple Sclerosis.

16. When Ms. Gallant first began working at AFC Urgent Care, Ms. Barnes explained to Ms. Gallant that she had Lupus and in turn Ms. Gallant told Ms. Barnes that she had Multiple Sclerosis, which is very similar to Lupus.

17. After Ms. Gallant's disclosure, Ms. Barnes and other employees had several conversations with Ms. Gallant about how Multiple Sclerosis affected her life.

Ms. Gallant explained that there were times when she was physically unable to walk and had to crawl around her home, essentially dragging her legs, because her Multiple Sclerosis was so bad.

18. While Ms. Gallant worked at AFC Urgent Care, she observed that Black female employees in the receptionist and medical assistant positions occasionally called out on a day they were scheduled to work (often due to a child's illness) and the staff either had to bring someone in or just cover their absence.

19. Ms. Scott did not take any punitive action against these Black female employees when they called out, even though the issue occurred repeatedly in Ms. Gallant's time there.

20. On January 17, 2025, Ms. Gallant woke up with a terrible Multiple Sclerosis flare up. She could not physically move her legs to get out of bed. It had been a while since this had happened to Ms. Gallant.

21. As a result, Ms. Gallant texted Manager Kamesha Scott to tell her she was not feeling well and could not make it into work that day.

22. On January 21, 2025, Ms. Gallant noticed that Ms. Scott had not placed her on the work schedule.

23. When Ms. Gallant asked Ms. Scott about this issue, Ms. Scott told her that she had been terminated as of January 17, 2025, for calling out of work.

24. Ms. Gallant was shocked by this because other employees (all of whom were black females without Multiple Sclerosis), including Medical Assistants and

Receptionists, had repeatedly called out of work on the morning of an absence without any repercussions.

25. Ms. Gallant has incurred attorney's fees and costs in bringing this matter.

## COUNT I
## VIOLATION OF THE ADA
## DISABILITY DISCRIMINATION

26. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

27. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

28. During her employment with Defendant, Ms. Gallant suffered from Multiple Sclerosis which occasionally made it difficult for her to walk when her symptoms flared up.

29. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

30. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

31. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

32. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

33. Defendant treated non-disabled employees more favorably than Ms. Gallant.

34. Specifically, Ms. Scott regularly allowed Ms. Barnes and Stacey LNU to call out of work without reprimand. In contrast, Ms. Scott did not permit Ms. Gallant to call out of work when she suffered an intense Multiple Sclerosis flareup that physically prevented her from walking.

35. The discriminatory conduct described herein demonstrates Ms. Scott's failure to provide Ms. Gallant with a reasonable accommodation.

36. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

　　D.　　Prejudgment interest;

　　E.　　An award of Punitive damages;

　　F.　　Reasonable attorney's fees and costs; and

　　G.　　All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
## VIOLATION OF THE ADA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

38.　　Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

39.　　The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

40.　　During her employment with Defendant, Ms. Gallant suffered from Multiple Sclerosis which occasionally made it impossible for her to walk when her symptoms flared up.

41.　　Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

42.　　Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

43.　　Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

44. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

45. On January 17, 2025, Defendant terminated Ms. Gallant from her position because of her disability or perceived disability.

46. Defendant's actions in terminating Ms. Gallant because of her disability were reckless, willful, and malicious.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT III
## VIOLATION OF THE ADA
## RETALIATION FOR ENGAGEMENT IN PROTECTED ACTIVITY
## RESULTING IN ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

48.     Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

49.     Plaintiff is a member of a protected class under the ADA.

50.     Plaintiff engaged in protected activity under the ADA when she requested an accommodation that permitted her to take one day off because she experienced an intense Multiple Sclerosis flare up that prevented her from moving her legs to get out of bed.

51.     Defendant retaliated against Ms. Gallant for engaging in a protected activity under the ADA by terminating Ms. Gallant after she requested a reasonable accommodation to take a day off to recover from her disability-related flare-up.

52.     Defendant's actions were reckless, willful and done with malice.

53.     As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A.　　An award of Back Pay damages;

B.　　An award of Front Pay damages;

C.　　Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.　　Prejudgment interest;

E.　　An award of Punitive damages;

F.　　Reasonable attorney's fees and costs; and

G.　　All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
## VIOLATION OF THE FCRA
## DISABILITY DISCRIMINATION

54.　　Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

55.　　The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

56.　　The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

57. During her employment with Defendant, Ms. Gallant suffered from Multiple Sclerosis which occasionally made it difficult for her to walk when her symptoms flared up.

58. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

59. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

60. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

61. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

62. Defendant treated non-disabled employees more favorably than Ms. Gallant.

63. Specifically, Ms. Scott regularly allowed Ms. Barnes and Stacey LNU to call out of work without reprimand. In contrast, Ms. Scott did not permit Ms. Gallant to call out of work when she suffered an intense Multiple Sclerosis flareup that physically prevented her from walking.

64. The discriminatory conduct described herein demonstrates Ms. Scott's failure to provide Ms. Gallant with a reasonable accommodation.

65. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

66. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT V
## VIOLATION OF THE FCRA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

67. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

68. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

69. During her employment with Defendant, Ms. Gallant suffered from Multiple Sclerosis which occasionally made it impossible for her to walk when her symptoms flared up.

70. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

71. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

72. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

73. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

74. On January 17, 2025, Defendant terminated Ms. Gallant from her position because of her disability or perceived disability.

75. Defendant's actions in terminating Ms. Gallant because of her disability were reckless, willful, and malicious.

76. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation,

embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT VI
## VIOLATION OF THE FCRA
## RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY RESULTING IN ADVERSE EMPLOYMENT ACTION ON THE BASIS OF DISABILITY

77. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth herein in full.

78. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

79. Plaintiff is a member of a protected class under the FCRA.

80. Plaintiff engaged in protected activity under the FCRA when she requested an accommodation that permitted her to take one day off because she experienced an intense Multiple Sclerosis flare-up that prevented her from walking.

81. Defendant retaliated against Ms. Gallant for engaging in a protected activity under the FCRA by terminating Ms. Gallant after she requested a reasonable accommodation to take a day off to recover from her disability-related flare-up.

82. Defendant's actions were reckless, willful and done with malice.

83. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G.　　All such other relief as the Court deems just, equitable and appropriate.

## COUNT VII
## VIOLATION OF TITLE VII
## FOR DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF RACE AND COLOR

84.　　Plaintiff, KAITLYN GALLANT, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth fully herein.

85.　　Defendant is an "employer" within the meaning of Title VII.

86.　　Ms. Gallant is an "employee" of Defendant within the meaning of Title VII.

87.　　Ms. Gallant is a member of a protected class because of her race and color, and therefore, is protected by Title VII.

88.　　At all times material, Ms. Gallant is qualified to perform her job duties.

89.　　Ms. Gallant's African American superior, Kamesha Scott (Manager), regularly treated African American employees more favorably than Ms. Gallant.

90.　　Specifically, Ms. Scott treated Jessica Barnes and Stacey LNU more favorably than Ms. Gallant when she frequently allowed Ms. Barnes and Stacey to call out of work as needed. In contrast, Ms. Scott did not permit Ms. Gallant to call out of work when she suffered an intense Multiple Sclerosis flareup that physically prevented her from walking.

91.　　Defendant then terminated Ms. Gallant because of her race and color.

92. Defendant's actions in terminating Ms. Gallant because of her race and color were reckless, willful, and malicious.

93. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Gallant respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Gallant;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

E. Punitive damages;

F. Prejudgment interest;

G. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

H. Attorney's fees and costs; and

I. For such other relief as the Court deems just and equitable.

**COUNT VIII**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF RACE AND COLOR**

94. Plaintiff, KAITLYN GALLANT, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-five (25) as if set forth fully herein.

95. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race and color.

96. Ms. Gallant has satisfied all procedural and administrative requirements set forth in the FCRA.

97. Ms. Gallant is a member of a protected class because of her race and color, and therefore, is protected by the FCRA.

98. At all times material, Ms. Gallant is qualified to perform her job duties.

99. Ms. Gallant's African American superior, Kamesha Scott (Manager), regularly treated African American employees more favorably than Ms. Gallant.

100. Specifically, Ms. Scott treated Jessica Barnes and Stacey LNU more favorably than Ms. Gallant when she frequently allowed Ms. Barnes and Stacey to call out of work as needed. In contrast, Ms. Scott did not permit Ms. Gallant to call out of work when she suffered an intense Multiple Sclerosis flareup that physically prevented her from walking.

101. Defendant then terminated Ms. Gallant because of her race and color.

102. Defendant's actions in terminating Ms. Gallant because of her race and color were reckless, willful, and malicious.

103. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Gallant respectfully invokes the remedial powers of this Court, as provided in the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Gallant;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

E. Punitive damages;

F. Prejudgment interest;

G. Damages in compensation for the value of employment benefits she would have received but for the discriminatory acts and practices of Defendant;

H. Attorney's fees and costs; and

I. For such other relief as the Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 3rd day of October, 2025.

>  */s/ Gary L Printy, Jr, Esq*
>  **Gary L. Printy, Jr**
>  Florida Bar No. 41956
>  **PRINTY LAW FIRM**
>  5407 N Florida Ave.
>  Tampa, Florida 33604
>  Telephone (813) 434-0649
>  FAX (813) 423-6543
>  garyjr@printylawfirm.com
>  e-service@printylawfirm.com
>  *Lead Counsel for Plaintiff*