UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAITLYN GALLANT,

     **Plaintiff,**

**v.**                                     **Case No: 8:25-cv-02706-MSS-AEP**

**UNIQUE HEALTHCARE SYSTEMS,
LLC d/b/a AFC URGENT CARE**

     **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Unique Healthcare Systems, LLC d/b/a AFC Urgent Care's Motion to Dismiss Plaintiff's Complaint, (Dkt. 15), and Plaintiff Kaitlyn Gallant's response in opposition. (Dkt. 17) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion.

### I.    BACKGROUND

This case involves a dispute around Plaintiff's workplace termination. (Dkt. 1, ¶ 23) Plaintiff is a white woman with Multiple Sclerosis. (Id., ¶ 9) On August 5, 2024, Defendant hired Plaintiff to work as a receptionist. (Id., ¶ 9) Kamisha Scott, the Manager of this AFC Urgent Care location and a black woman, was Plaintiff's supervisor ("supervisor"). (Id., ¶¶ 9, 21) Plaintiff typically worked from 7:45 am to 8:00 pm on Tuesdays, Thursdays, and Saturdays. (Id., ¶ 12)

During Plaintiff's first week on the job, she was trained by three other employees including Ms. Barnes, a black woman. (Id., ¶ 10) Around this time, Plaintiff told Ms. Barnes that she suffered from Multiple Sclerosis. (Id., ¶ 16) After Plaintiff's disclosure to Ms. Barnes, Plaintiff discussed her condition with other employees. (Id., ¶ 17) Significantly, Plaintiff's Complaint does not allege that her supervisor was aware of her Multiple Sclerosis. (Id., ¶¶ 1–25)

On January 17, 2025, Plaintiff woke up with an uncommon Multiple Sclerosis flare up. (Id., ¶ 20) Plaintiff texted her supervisor and informed her that she "was not feeling well and could not make it into work that day." (Id., ¶ 21) However, Plaintiff did not inform her supervisor that her condition was a result of Multiple Sclerosis. (Id., ¶ 21) A couple of days later, Plaintiff noticed that her supervisor removed her from the work schedule. (Id., ¶ 22) Plaintiff was then informed that she was terminated for calling out of work on January 17, 2025. (Id., ¶ 23) Plaintiff alleges that black female employees occasionally called out of work and that her supervisor did not take any punitive action against those employees. (Id., ¶¶ 18–19, 24)

As a result of the foregoing, on or about September 3, 2025, Plaintiff filed this Complaint against Defendant alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA"). Plaintiff's ADA claims include: failure to accommodate, wrongful termination, and retaliation for asserting disability rights. (Id., ¶¶ 26–53) Plaintiff's FCRA disability claims duplicate the above causes of action using the state-law equivalent. (Id., ¶¶ 54–83) Plaintiff's Title VII and FCRA discrimination

2

claims allege she was terminated because of her race or color and that non-white employees received more favorable treatment than Plaintiff. (Id., ¶¶ 84–103) Defendant moves to dismiss Plaintiff's Complaint in its entirety.

## II.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). The complaint must allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is

warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III.   DISCUSSION

Defendant argues that Plaintiff's disability discrimination allegations (Counts I, II, IV, & V) fail to state facts supporting a claim for relief under the ADA and FCRA beyond mere conclusions. Specifically, Defendant argues that Plaintiff fails to allege factual support that she was terminated because of her disability. As for the accommodation request claims, Defendant argues that Plaintiff fails to allege Defendant's knowledge of Plaintiff's disability or any accommodation request made because of it. The Court will address this argument with respect to the related Counts.

### a.  Counts II and V – Disability Discrimination Under the ADA and FCRA Resulting in Termination

Disability discrimination claims under the FCRA are analyzed under the same framework as the ADA, so this Court will consider both claims together. Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007) (citing D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1224 n.2 (11th Cir. 2005)). The ADA prohibits an employer from discriminating against an employee because of her disability. 42 U.S.C. § 12112(a). An ADA plaintiff establishes a prima facie case of discrimination by showing (1) she has a disability; (2) she is a qualified individual under the ADA; and (3) the employer discriminated against her because of her disability. Alkridge v. Alfa Ins. Cos., 93 F.4th 1181, 1191–92 (11th Cir. 2024) (citing Beasley v. O'Reilly

4

Auto Parts, 69 F.4th 744, 754 (11th Cir. 2023)).

To plead a prima facie case of discrimination due to a disability a Plaintiff must allege that an employer had knowledge of an employee's disability. Morisky v. Broward Cnty., 80 F.3d 445, 448 (11th Cir. 1996) ("[a]t the most basic level, it is intuitively clear . . . that an employer cannot fire an employee 'because of' a disability unless it knows of the disability. If it does not know of the disability, the employer is firing the employee 'because of' some other reason") (quoting Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995)). See also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1175 (11th Cir. 2005) (an employer is not liable under the ADA for firing an employee when the employer and the relevant corporate decisionmaker had no knowledge of the employee's disability). Simply put, employer knowledge is required.

Plaintiff fails to plead plausible facts to suggest that her employer had knowledge of her Multiple Sclerosis. Plaintiff's Complaint states she spoke with Ms. Barnes (a fellow employee) about her Multiple Sclerosis diagnosis and "Ms. Barnes and other employees had several conversations" with Plaintiff concerning "how Multiple Sclerosis affected her life." (Dkt. 1, ¶¶ 16–17) Plaintiff's Complaint alleges no facts that would impute such knowledge to her supervisor, who is the relevant corporate decisionmaker. (Id., ¶¶ 1–25) Even when Plaintiff had her Multiple Sclerosis flare up, she texted her supervisor and informed her that she "was not feeling well and could not make it into work that day." Plaintiff does not allege that she made any mention of her Multiple Sclerosis to her supervisor. (Id., ¶¶ 20–21)

Plaintiff asserts in her Response that she has "pled facts that show her employer

5

knew of her disability because [Plaintiff] frequently spoke with her coworkers about having Multiple Sclerosis and how it impacted her daily life." (Dkt. 17, ¶¶ 8–9) But this is not enough for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. It does not follow that just because Plaintiff's co-workers were aware of her condition, that her supervisor was also aware of it. Plaintiff's allegations are insufficient to meet the Iqbal pleading standard.

Accordingly, the Court finds that Plaintiff's disability discrimination claims under the ADA and FCRA do not meet the Rule 12(b)(6) pleading standard. Defendant's motion to dismiss Counts II and V is **GRANTED**.

### b. Counts I and IV – ADA and FCRA Disability Accommodation Claims

The ADA and FCRA analyze accommodation claims under the same framework, so this Court can address both Counts together. D'Onofrio v. Costco Wholesale Corp., 964 F.3d 1014, 1021 (11th Cir. 2020). The ADA requires an employer "to make reasonable accommodations to an otherwise qualified employee with a disability, unless doing so would impose an undue hardship." Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016) (quoting Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001)); 42 U.S.C. § 12112(b)(5)(A)). The employee has the burden of identifying an accommodation and demonstrating that it is reasonable. Id. at 1255. An employer's "duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." Id. at 1255–56 (quoting Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1364

6

(11th Cir. 1999)) ("[T]he initial burden of requesting an accommodation is on the employee. Only after the employee has satisfied this burden and the employer fails to provide that accommodation can the employee prevail on a claim that her employer discriminated against her."). Defendant employers are only obligated to "make reasonable accommodations to the <u>known</u> physical or mental limitations" of their employees. 42 U.S.C. § 12112(b)(5)(A) (emphasis added).

Here again, Plaintiff does not plead that she disclosed her disability or that she requested an accommodation on the basis of her disability. Plaintiff's Complaint states she spoke with Ms. Barnes and others about her Multiple Sclerosis. (Dkt. 1, ¶¶ 16–17) However, Plaintiff's Complaint does not allege or suggest that her supervisor has any knowledge of these discussions. When Plaintiff had her Multiple Sclerosis flare up, she texted her supervisor and informed her that she "was not feeling well and could not make it into work that day," making no mention of her Multiple Sclerosis. (<u>Id.</u>, ¶¶ 20–21) Therefore, Plaintiff's supervisor cannot be said to have failed to make an accommodation because it is not alleged that she was aware of Plaintiff's disability or any request for an accommodation.

Accordingly, the Court finds that Plaintiff's disability accommodation claims under the ADA and FCRA do not meet the Rule 12(b)(6) pleading standard. Defendant's motion to dismiss Counts I and IV is **GRANTED**.

### c. Counts III and VI – Retaliation Claims Under the ADA and FCRA

Next, Defendant argues that Plaintiff's retaliation claims (Counts III & VI) fail to identify a protected activity and corresponding adverse action taken because of a

7

protected activity.

Retaliation claims under the ADA and FCRA are analyzed under the same framework, so the Court will address these together. See Reis v. Universal City Dev. Partners, Ltd., 442 F. Supp. 2d 1238, 1252 (M.D. Fla. 2006) (citing Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997)). A prima facie case of retaliation under the ADA is established when Plaintiff shows (1) she engaged in statutorily protected expression; (2) she suffered an adverse action; and (3) the adverse action was causally related to the protected expression. Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004). All of these elements must be met for a retaliation claim. Id. Here, this Court need not address the second and third elements, because the first is dispositive. Plaintiff fails to allege plausible facts showing she engaged in statutorily protected expression.

An employee's request for accommodation is not statutorily protected when the employee fails to inform the employer about a disability. Moreira v. Am. Airlines, Inc., 157 F. Supp. 3d 1208, 1217 (S.D. Fla. 2016) (citing Wingfield v. S. Univ. of Fla. Inc., No. 8:09-cv-01090-T-24-TBM, 2010 WL 2465189, at *12 (M.D. Fla. June 15, 2010)). Plaintiff alleges that she was engaged in statutorily protected activity under the ADA when she requested the day off because of a Multiple Sclerosis flare up. (Dkt. 1, ¶ 51) However, Plaintiff's Complaint fails to allege that her supervisor had any knowledge of her disability. (Id., ¶¶ 1–25) Instead Plaintiff alleges that when she had her Multiple Sclerosis flare up, she texted her supervisor and informed her that she "was not feeling well and could not make it into work that day," making no mention of her Multiple

Sclerosis. (Id., ¶¶ 20–21) Therefore, Plaintiff did not plead facts sufficient to make a plausible retaliation case.

Accordingly, the Court finds that Plaintiff's retaliation claims under the ADA and FCRA do not meet the Rule 12(b)(6) pleading standard. Defendant's request to dismiss Counts III and VI is **GRANTED**.

### d. Counts VII and VIII – Racial Discrimination Under Title VII and the FCRA

Finally, Defendant argues that Plaintiff's race/color discrimination allegations (Counts VII and VIII) fail to plead a proper comparator and adverse action taken because of racial discrimination. The FCRA operates under the same framework as Title VII, so these claims can be analyzed together. Alvarez v. Royal Atl. Dev., Inc., 610 F.3d 1253, 1271 (11th Cir. 2010) (citing Harper v. Blockbuster Ent. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)).

To establish a prima facie case of disparate treatment discrimination, Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of the protected class were treated differently. Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). At this stage, a Title VII complaint does not need to allege sufficient facts to make out a prima facie case but must "provide enough factual matter" to suggest intentional race discrimination. Jacobs v. Biando, 592 F. App'x 838, 841 (11th Cir. 2014) (citing Davis v. Coca–Cola Bottling Co., 516 F.3d 955, 974 (11th Cir.

2008)) (abrogated on other grounds).[1] Specifically, Defendant contends that Plaintiff did not adequately plead the third and fourth elements of the McDonnell test. This Court will address each disputed element in turn.

First, an adverse employment action requires a significant change in employment status. Termination of employment qualifies. Wolf v. MWH Constructors, Inc., 34 F. Supp. 3d 1213, 1224 (M.D. Fla. 2014) (quoting Burlington Indus. v. Ellerth, 542 U.S. 742, 761 (1998)). Here, Plaintiff alleges she was terminated from her job. (Dkt. 1, ¶ 23) Thus, this element is adequately pleaded.

Second, Plaintiff pleads that similarly situated employees were treated differently. Plaintiff alleges she worked as a receptionist. (Id., ¶ 12) Plaintiff alleges that "Black female employees in the receptionist and medical assistant positions" occasionally called out of work and were not terminated. (Id., ¶¶ 18–19, 24) Specifically, Plaintiff alleges that her supervisor (a black woman) allowed Ms. Barnes and Ms. Stacey (also a black woman) to call out of work as needed, but terminated Plaintiff when she made a similar call out request. (Id., ¶¶ 10, 90) This is enough to meet the exceedingly low pleading standard to survive a 12(b)(6) motion. See Jacobs v. Biando, 592 F. App'x 838, 841 (11th Cir. 2014) (suggesting that it would not dismiss employee's complaint if the employee alleged their employer treated similarly-situated employees differently).

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

Defendant's assertion that the other employees were not alleged by Plaintiff to be similarly situated fails at the motion to dismiss stage. As noted, Plaintiff alleges that other employees worked in the same roles, they called out for personal reasons and they were Black. This is sufficient to meet the pleading requirements. If there is evidence that Defendant had a non-discriminatory basis for its termination of Plaintiff, (i.e., that she called out after her shift began), Defendant may raise that in defense of the claim and/or on summary judgment.

Accordingly, the Court finds that Plaintiff's racial discrimination claims under Title VII and the FCRA meet the Rule 12(b)(6) pleading standard. Defendant's request to dismiss Counts VII and VIII is **DENIED**.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant Unique Healthcare Systems, LLC d/b/a AFC Urgent Care's Motion to Dismiss Plaintiff's Complaint, (Dkt. 15), is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** as to Counts VII and VIII and **GRANTED** as to Counts I, II, III, IV, V, and VI.

2. Counts I, II, III, IV, V, and VI of Plaintiff's Complaint, (Dkt. 1), are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall file, within **fourteen (14) days** of the date of this Order, a First Amended Complaint that either omits the claims dismissed in this Order or re-pleads the claims addressing the issues identified in this Order.

Defendant shall file an answer within **twenty-one (21) days** of the day

Plaintiff files the First Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida this 20th day of April 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

12